Argued November 17, affirmed November 24, 1954

In the Matter of the Application of
JAMES H. AUDETT for a writ of habeas corpus
AUDETT v. PURCELL
276 P2d 943

*Merlin Estep,* of Salem, argued the cause for appellant. On the brief were Frank W. King, of Portland; Hewitt, Estep & Sorensen, of Salem; and J. Robert Jordon, of Portland.

*Charles E. Raymond,* Deputy District Attorney, of Portland, argued the cause for respondent. With him on the brief was John B. McCourt, District Attorney, of Portland.

Before WARNER, Acting Chief Justice, and ROSSMAN, LUSK, BRAND and TOOZE, Justices.

TOOZE, J.

The plaintiff, James H. Audett, appeals from the judgment of the circuit court for Multnomah county quashing a writ of habeas corpus issued on his behalf.

In the circuit court for Umatilla county, on November 20, 1950, plaintiff was sentenced to serve a term of seven and one-half years in the Oregon State Penitentiary, upon his conviction of the crime of larceny. Subsequently, the governor of this state commuted said sentence to five years.

On or about August 4, 1952, plaintiff was paroled from the penitentiary by order of the State Board of Parole and Probation, under conditions set forth in the order. On November 13, 1953, warrant was issued by the director of parole and probation, as authorized by law, for the arrest of plaintiff as a parole violator. Plaintiff was arrested and lodged in the city jail in the city of Portland, and at the time of the commencement of this proceeding on November 20, 1953, was being held in custody by James W. Purcell,

as chief of police of the city of Portland. On November 20, 1953, a writ of habeas corpus was issued out of the circuit court for Multnomah county, pursuant to the petition therefor filed by plaintiff and an order of the court directed to the defendant James W. Purcell, as such chief of police, and returnable November 24, 1953.

Defendant, on November 24, made and filed his return to the writ and produced plaintiff in open court. On December 3, 1953, plaintiff filed his "Traverse to the return to the Writ of Habeas Corpus", and on December 21, 1953, defendant replied thereto.

The cause was tried to the court on December 21, 1953. Evidence was introduced by both plaintiff and defendant. Upon the conclusion of the trial and based upon the record, the trial court quashed the writ.

In the meantime, on November 23, 1953, the State Board of Parole and Probation made and entered of record its formal order revoking plaintiff's parole, and ordering and directing that he be returned to the custody of the warden of the Oregon State Penitentiary, there to remain not to exceed 3 years, 3 months, and 16 days.

During the early morning hours of Sunday, November 19, 1950, plaintiff was arrested by the city police of the city of Pendleton, Oregon, while engaged in the unlawful and felonious act of breaking into a safe in the offices of the Associated Oil Co. in that city, and was lodged in the city jail. On the same day, at the request of plaintiff, George H. Corey, deputy district attorney for Umatilla county, prepared a written "waiver of indictment by the grand jury of Umatilla county" for the crime of "burglary", and a consent to the filing by the district attorney of an information charging such crime, for execution by plain-

tiff. The written document was read to the plaintiff and, with full knowledge of its contents and effects, plaintiff signed it in the presence of one Lemons and one Hood, who subscribed their names as witnesses thereto.

On Monday morning, November 20, 1950, about 20 minutes prior to the time plaintiff appeared in open court, in the presence of the said Lemons and the deputy district attorney, and with plaintiff's express consent, the word "burglary" was stricken from the waiver, and the word "larceny" substituted. Plaintiff initialed the alteration. The evidence clearly establishes the fact that plaintiff knew precisely what he was doing, and the effect of the change in the charge from "burglary" to "larceny".

Shortly thereafter plaintiff was taken before the court. The above-mentioned waiver was handed to the judge of the court for his perusal. Thereupon, the court explained to plaintiff the effect of the waiver as to the charge of larceny, advised him that he was entitled to have his case submitted to the grand jury for investigation, and also as to his right to counsel. Defendant expressed in the presence of the court his full understanding of the effect of the waiver of an indictment by the grand jury on the larceny charge, and his consent to be charged by information filed by the district attorney. Moreover, and wholly apart from the written waiver, plaintiff orally advised the court that he desired to waive indictment by the grand jury, and of his wish to be charged with the said crime by information. He also advised the court that he did not desire counsel. The record discloses exceptional zealousness on the part of the trial judge in the protection of plaintiff's constitutional rights; no final action was taken until the court was completely satisfied that

plaintiff understood exactly what he was doing, and the effects of his actions. In fact, the seeming haste exhibited in the prosecution of plaintiff came about at the instance and upon the insistence of plaintiff, so that he could get it over with and not lose what he called "dead time". This was not plaintiff's first experience with the criminal law and the procedure incident thereto. He had been convicted of crime and sentenced to prison as a felon upon at least three prior occasions.

The record also discloses that plaintiff is a man of far more than average intelligence; in fact, he is the author of a published book.

Pursuant to plaintiff's waiver of indictment, the district attorney filed an information charging him with the crime of larceny. Plaintiff was duly arraigned. The information was read to him. Knowingly and deliberately waiving time to plead to the charge, plaintiff entered a plea of "guilty". He also waived time for passing sentence and requested that such sentence be immediately imposed.

Plaintiff's principal contention on this appeal is that his conviction in Umatilla county is void because he did not *knowingly* waive indictment by the grand jury upon the charge of *larceny*.

■ Invalidity of the waiver which plaintiff signed is based upon the proposition that it was not executed before a judge of the circuit court, but, on the contrary, was signed on Sunday at the city jail. It also is asserted that the waiver signed was a waiver as it concerned a charge of burglary, and not a charge of larceny. In the light of the facts as above set forth, the latter claim wholly lacks merit.

Article VII, § 18, Oregon const, in part, provides:

"\* \* \* No person shall be charged in any circuit court with commission of any crime or misdemeanor defined or made punishable by any of the laws of this state, *except upon indictment by a grand jury;* provided, however, that any district attorney may file an amended indictment whenever an indictment has, by a ruling of the court, been held to be defective in form; provided further, however, that *if any person appear before any judge of the circuit court and waive indictment,* such person may be charged in such court with any such crime or misdemeanor on information filed by the district attorney." (Italics ours.)

■ It will be observed that there is nothing in the constitution which requires the execution of a written waiver by one desiring to waive indictment by the grand jury. All that is required is that the person "appear before any judge of the circuit court and waive indictment". An oral waiver before the judge of the circuit court, which is made a matter of record, is sufficient.

■ Under the facts in this case, the written waiver itself was effective. When it was presented to the judge of the circuit court and he had read it, with an explanation to plaintiff in detail as to its meaning and effect, and defendant by his words ratified it, its validity and effectiveness could no longer be questioned.

However, we may disregard the written waiver in its entirety. As before pointed out, wholly apart from that document, the record supports a finding that in the presence of the circuit judge the plaintiff orally waived indictment by the grand jury and expressly and understandingly consented to be charged

with the crime of larceny by an information filed by the district attorney.

Plaintiff also contends that the trial judge in this proceeding erred in rejecting certain testimony offered by plaintiff to the effect that he had not committed the crime of larceny; that the only crime he had committed was that of burglary not in a dwelling.

Counsel for plaintiff explained the purpose of this offered testimony as follows:

"Your Honor, I would like the record to show that we did not offer that testimony upon the theory that a mere showing of innocence of a crime would be grounds of habeas corpus. Our basic contention in this case is that this plaintiff in this case did not lawfully waive indictment to the crime of larceny and we contend that the question of whether or not anything was stolen is relevant to the issue of whether or not he knowingly and understandingly waived indictment."

It might be that in some cases such testimony would be admissible for the restricted purpose stated. However, we express no opinion thereon. It is unnecessary to a decision in this case. The record is almost conclusive that plaintiff knowingly and understandingly waived indictment for the crime of larceny. There is but little in his testimony that disputes this, and that little is unworthy of belief.

The law applicable to a case such as this is fully stated by Mr. Chief Justice BRAND in *Huffman v. Alexander*, 197 Or 283, 251 P2d 87, 253 P2d 289. No good purpose would be served in further discussing that law.

The trial court did not err in quashing the writ.

The judgment is affirmed.